United States District Court
Middle District of Florida
Orlando Division

**ELEANOR GARNER**

 *Plaintiff,*

v.                 **NO. 6:23-cv-328-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

# Order

  The Court reversed the decision of the Commissioner of Social Security denying Eleanor Garner's applications for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 24, 25. She now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $8,359.00 as an attorney's fee. Docs. 26, 28.[1] The Commissioner has no opposition. Doc. 26 ¶ 6; Doc. 28 ¶ 3.

  In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested a fee, (3) her net worth

---

[1]To explain a discrepancy, counsel filed an amended motion incorporating part of the original motion. Doc. 28. Local Rule 3.01(f) provides, "A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief." To avoid having to review a third motion, the Court suspends application of the rule but cautions counsel to read and follow the Local Rules.

did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. *See* Docs. 24–28 & 26 ¶ 7. As to the fourth condition, Garner contends the Commissioner's position was not substantially justified, Doc. 26 ¶ 3; and the Commissioner has not tried to satisfy his burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the attorney's fee, the applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should

adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 37.2 hours of work in 2023 and 2024 by Garner's lawyer, Erik Berger. Doc. 28-1. Garner requests an hourly rate of $240.88 for Berger. Doc. 26 ¶ 8. Those hours multiplied by that rate equals $8,960.74, but "[t]hrough discussions with" the Commissioner, Garner agreed to request only $8,359.00. Doc. 26 ¶ 10.

The requested rate and claimed hours are reasonable. Based on the Court's own knowledge and familiarity, the rates are within the prevailing market rates for services provided by lawyers of reasonably comparable skills, experience, and reputation as Berger. The increase in the cost of living from 1996 to the time Berger worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited July 23, 2024). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 28-1.

The Court leaves to the Commissioner's discretion whether to accept Garner's assignment of the EAJA fee, *see* Doc. 26 at 4; Doc. 28-2, after determining whether Garner owes a federal debt.

Because Garner is eligible and the requested attorney's fee is reasonable, the Court **grants** the motion, Doc. 26, as amended, Doc. 28; **awards** her $8,359.00 as an attorney's fee; and **directs** the clerk to enter judgment in favor of Eleanor Garner and against the Commissioner of Social Security for $8,359.00 as an attorney's fee.

**Ordered** in Jacksonville, Florida, on July 30, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*